# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEROME DAVIS,<br><br>      Plaintiff,<br><br>vs.<br><br>LINN COUNTY IOWA, LINN COUNTY IOWA SHERIFF, JOHN DOES 1-5,<br><br>      Defendants. | No. C06-0109-LRR<br><br>INITIAL REVIEW ORDER |

## *I. INTRODUCTION*

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on August 7, 2006. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983. On August 17, 2006, the plaintiff filed a supplement.

## *II. IN FORMA PAUPERIS APPLICATION*

Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. Given his current financial status, the plaintiff shall not be required to submit an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). *See also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each

time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

### III. THE PLAINTIFF'S COMPLAINT

#### A. *Standard of Review*

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

#### B. *Overview of Civil Rights Claims Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct.

2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### C. The Plaintiff's Claim

Currently confined in Nebraska, the plaintiff, proceeding pro se, submitted a complaint to redress the alleged deprivation of his constitutional rights. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper.

In his complaint, the plaintiff, among other things, claims the following:

> [In July or August of 1999, I] was placed in segregation for [my] involvement in a physical altercation with another detainee in one of the maximum security modules [. . .]. While in disciplinary segregation, [I] became upset and was banging on [my] cell door. [. . . Because I was banging on my door, the defendants] entered [my] cell and restrained [me] by placing handcuffs and leg shackles [on me] and took [me] to a

> dry cell with a tinted observation window. After [I was] secured in such cell, [I] again banged on [my] door. [The defendants] reentered [my] cell and placed [me on] a wooden board, where [I was] held [. . .] 10 to 15 hours. [I] was deprived of lunch and dinner on that specific day, bedding and hygiene products and [was] forced to urinate and defecate on [myself] since [the defendants] denied [my] request to access a toilet facility.

As relief, the plaintiff seeks declaratory relief, injunctive relief, compensatory damages and punitive damages.[1]

The applicable statute of limitations is the period governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *see also Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). Such "'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act'". *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W. 2d 660, 662 (Iowa 1985)). Clearly, the alleged harm to the plaintiff occurred in 1999 and the plaintiff did not file his complaint until August 7, 2006. Accordingly, the applicable statute of limitation bars the plaintiff's action.

For the foregoing reasons, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28

---

[1] The court notes that the supplemental complaint filed on August 17, 2006 is essentially indistinguishable from the complaint submitted on August 7, 2006. It raises no new facts or claims.

U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis is granted.

(2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

(3) The agency having custody of the plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

(4) The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

(5) The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

(6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 22nd day of August, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
State of Nebraska Department of Correctional Services, Lincoln, Nebraska

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Jerome Davis, #61935, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Davis v. Linn County Iowa, et al.*, Case No. C06-0109-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Because the plaintiff has insufficient funds in his account, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless,

> . . . [the plaintiff] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [plaintiff] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). You must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ Pridgen J. Watkins (mj) on 8/22/06

_____
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa